IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN SHAW, JR., : CIVIL NO. 3:17-cv-1826
        Petitioner :
: (Judge Munley)
v. :
:
WARDEN BALTAZAR, :
        Respondent :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Norman Shaw, Jr. ("Shaw"), a federal inmate, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 6, 2017, contending that pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), "the Execution of his current Federal Sentence that he is serving for federal bank robbery from June 17, 2005 to present under Warden Baltazaar at USP Canaan violates the United States Constitution 5th and 6th Amendment, the statutes, laws and treaties of the United States of America," and is in violation of Title 18 U.S.C. §§ 2113(a), and 924(e)(2)(B)(i). (Doc. 1; Doc. 1-1, pp. 17, 18). The Court has conducted preliminary review and, for the reasons set forth below, dismissal of the petition is warranted. See R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

---

[1] **Error! Main Document Only.** Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

I.   **Background**

This Court recently entertained a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed by Shaw, that challenged the validity of the same criminal convictions and sentences Shaw now challenges in the matter *sub judice*. Shaw v. Baltazar, No. 3:17-CV-0953, 2017 WL 2720277, at *1 (M.D. Pa. June 23, 2017). The pertinent procedural history of the criminal and collateral proceedings is set forth in the Court's Memorandum of June 23, 2017, dismissing the prior petition for lack of jurisdiction. Id. at 1, 2.

II.  **Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v.

Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

Shaw's first § 2255 motion, filed in the United States District Court for the District of Kansas, was denied on the merits. Shaw v. Baltazar, No. 3:17-CV-0953, 2017 WL 2720277, at *1 (M.D. Pa. June 23, 2017), citing Shaw, 2017 WL 2191345, at *1. The district court construed Shaw's motion for reconsideration of that determination as a second or successive petition and dismissed it without prejudice to seek authorization to file a second § 2255 petition in the United States Court of Appeals for the Tenth Circuit. Id. Rather than pursue that avenue of relief, Shaw filed the prior § 2241 petition to challenge the legality of his conviction and sentence. Shaw v. Baltazar, No. 3:17-CV-0953, 2017 WL 2720277, at *1 (M.D. Pa. June 23, 2017). We determined that we lacked jurisdiction over the petition; Shaw did not appeal that determination. Id.

Shaw filed the current § 2241 petition, challenging the same convictions and sentences, and setting forth a "claim of actual/factual innocence under 28 U.S.C. 2241(c)(3)," asserting that he is entitled to relief under § 2241, because relief pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. (Doc. 1-1, p. 1). He argues that his 1990 Alaska Armed Robbery and his 1996 Alaska Federal Bank Robbery offenses have "an element of the use, attempted use, or threatened use of physical force against the person

of another, [are] unconstitutionally vague under the Supreme Court's decision in Johnson… and he can no longer stand convicted…" of these offenses under the Armed Career Criminal Act. (Id. at 11). The courts that have considered the factual or actual innocence argument in this context have recognized that one is not convicted of being an armed career criminal. Rather, this status is utilized as a basis to enhance a federal sentence. Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective. Accord United States v. Brown, 456 F. App'x. 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); see also Selby v. Scism, 453 F. App'x. 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law. Accordingly, the exception described in In re Dorsainvil does not apply.").

      The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Shaw fails to demonstrate that he falls within the Dorsainvil exception. If a petitioner improperly challenges a federal

conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate Order will issue

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: October 17, 2017